IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FRANK HORTON, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-25-155-D |
| ) | |
| INTERNAL REVENUE SERVICE, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

This action arises out of Plaintiff's allegations that the Internal Revenue Service ("IRS") failed to disburse economic stimulus payments authorized under federal law.[1] Plaintiff sues pursuant to 42 U.S.C. § 1983.

Before the Court is Magistrate Judge Chris M. Stephens' Report and Recommendation (the "Report") [Doc. No. 8] issued pursuant to 28 U.S.C. § 636(b)(1)(B)-(C). Judge Stephens recommends dismissing the action with prejudice because Plaintiff has failed to state a claim for which relief can be granted under § 1983 and because amending the complaint would be futile.[2]

---

[1] Although the Complaint does not specify, the Report notes economic stimulus payments were authorized by the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, 26 U.S.C. § 6428(a)(1); the Consolidated Appropriations Act of 2021 ("CAA"), 26 U.S.C. § 6428A(a)(1); and the American Rescue Plan Act ("ARPA"), 26 U.S.C. § 6428B. *See* [Doc. No. 8, at p. 3 n.1].

[2] Out of an abundance of caution, Judge Stephens also analyzed the Complaint under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (holding an implied right of action exists in certain circumstances against federal officials in their personal capacities for violating constitutional rights), and *Scholl v. Mnuchin*, 489 F. Supp. 3d 1008 (N.D. Cal. 2020) (granting class certification for incarcerated persons who filed a tax return in 2018 or 2019 but were excluded from economic stimulus

In the alternative, Judge Stephens recommends the Court construe the complaint as an attempt by a taxpayer to obtain a refund under 26 U.S.C. § 7422(a). Judge Stephens notes that such claims are subject to certain administrative requirements before a federal court obtains jurisdiction. Because Plaintiff's complaint does not allege that he complied with those requirements, Judge Stephens recommends that dismissal without prejudice is appropriate.

Upon consideration of the Report, and noting no timely objection to the findings and recommendations contained therein, the Court construes Plaintiff's petition liberally and therefore finds dismissal without prejudice appropriate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) (noting "that where the district court dismisses an action for lack of jurisdiction," "the dismissal must be without prejudice").

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. No. 8] is **ADOPTED**. For the reasons stated therein, this action is **DISMISSED** without prejudice to refiling. A separate judgment shall be entered accordingly.

---

payments). Judge Stephens further concluded CARES, CAA, and ARPA do not confer a private cause of action.

**IT IS SO ORDERED** this 6th day of August, 2025.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge